IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-7-F

| | |
|---|---|
| SUSAN ASBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHASE BANK USA, N.A., and ) | |
| OBI LININGS, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a Motion to Dismiss [DE-5] filed by Chase Bank USA, N.A. ("Chase"), and on a Motion to Dismiss [DE-10] filed by OBI Linings, Inc. ("OBI"). The issues have been fully briefed and are ripe for ruling. For the reasons stated herein, Chase's Motion to Dismiss [DE-5] is ALLOWED IN PART and DISMISSED IN PART as moot. OBI's Motion to Dismiss [DE-10] is DISMISSED AS MOOT.

I. **PROCEDURAL AND FACTUAL HISTORY**

Susan Asby filed suit against the defendants on November 21, 2014. *See* Complaint [DE-1-1]; *see also* Civil Summons [DE-1-1] at 1. On January 8, 2015, Chase removed the action to this court. *See* Notice of Removal [DE-1]. Chase and OBI filed motions to dismiss on January 13, 2015, and January 27, 2015, respectively. *See* Motion to Dismiss [DE-5]; Motion to Dismiss [DE-10]. The facts of the Complaint, which the court must accept as true when evaluating a motion to dismiss, show the following.

Asby began working as an office manager for OBI in September of 1999. *See* Compl. [DE-1-1] ¶ 8. On August 22, 2007, at the direction of OBI's President, John C. Jenkins, Asby

applied for a corporate credit card account (the "Account") with Chase. *Id.* ¶ 9; *see also* Exhibit A to the Complaint [DE-1-1] at 13. She signed the application as a representative of OBI. Compl. [DE-1-1] ¶ 10; *see also* Ex. A Compl. [DE-1-1] at 14. The Account was used only by OBI employees and only for OBI business-related expenses. *See* Compl. [DE-1-1] ¶ 13.

On October 22, 2013, Asby resigned from OBI. *Id.* ¶ 14. Shortly thereafter, Asby "notified Chase that she no longer worked for OBI and requested that Chase remove her as the Authorizing Officer on the Account." *Id.* ¶ 17. Chase instead began sending statements and notices related to the Account to Asby's personal address. *Id.* ¶ 18. Chase also sent Asby a "Change of Authorizing Officer" form, which Asby forwarded to OBI. *Id.* ¶ 19. OBI completed the form and returned it to Chase. *Id.* ¶ 20. However, Chase denied Asby's request to approve a new Authorizing Officer, and OBI never resubmitted a new "Change of Authorizing Officer" form. *See id.* ¶¶ 22, 27-28. As a result of the failure to change the Authorizing Officer on the Account, Chase reported the OBI Account debt as Asby's own personal debt to at least two credit reporting agencies. *See id.* ¶ 29. Asby's credit suffered as a result. *Id.* ¶ 30.

In June of 2014, Chase began attempting to settle the debt on the Account with Asby. *See id.* ¶ 31. Asby has personally made at least two payments on the Account. *See id.* ¶ 32. This pattern continued up until around the time suit was filed. *See id.* ¶¶ 33-39. As a result of Chase and OBI's actions, Asby has also allegedly suffered severe emotional distress, manifesting itself in the form of insomnia and vomiting. *See id.* ¶ 41.

Asby has brought several state claims against Chase and OBI as well as one claim of violating the Fair Credit Reporting Act ("FCRA") as to Chase. *See generally id.* ¶¶ 42-64. Both defendants have moved to dismiss all claims against them.

2

## II.  LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint' s allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P' ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have ' enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'ground' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action' s elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.  DISCUSSION

### a.  There is no private right of action for Asby's FCRA claim.

Simply put, there is no private right of action for violating 15 U.S.C. § 1681s-2, which is the applicable statute in the present case. *See Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 651 (E.D.N.C. 2014) (holding that there is no private right of action under 15 U.S.C.

3

§ 1681s-2 and collecting cases holding the same). All of Asby's FCRA claims relate to Chase as a "furnisher of information" and how Chase furnished inaccurate information "to consumer credit reporting agencies." *See* Complaint [DE-1-1] ¶¶ 51-53. She does not have a private right of action to bring suit under the FCRA. Thus, her Second Cause of Action must be DISMISSED. Chase's Motion to Dismiss [DE-5] is ALLOWED IN PART as to Asby's FCRA claim.

### b. The court has dismissed the sole claim over which it had original jurisdiction and declines to exercise supplemental jurisdiction over the remaining claims.

This action was removed pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal [DE-1]. Because the sole federal question in this matter has been dismissed, this court may decline to exercise supplement jurisdiction under 28 U.S.C. § 1367. The court so declines. Except as allowed herein, Chase's Motion to Dismiss [DE-5] is DISMISSED AS MOOT. OBI's Motion to Dismiss [DE-10] is further DISMISSED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, Chase's Motion to Dismiss [DE-5] is ALLOWED IN PART and DISMISSED IN PART as moot. OBI's Motion to Dismiss [DE-10] is DISMISSED AS MOOT. This matter is REMANDED to Beaufort County Superior Court, Washington, North Carolina. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 21st day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge